## IN THE COURT OF APPEALS OF IOWA

No. 15-1876
Filed November 9, 2016

**UPON THE PETITION OF**
**MANUEL VILLALOBOS,**
      Petitioner-Appellant,

**And Concerning**

**FATMATAH MANNEH,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Manuel Villalobos appeals the district court order granting joint physical care. **AFFIRMED AS MODIFIED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Paul W. Demro of Correll, Sheerer, Benson, Engels, Galles & Demro, P.L.C., Cedar Falls, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

Manuel Villalobos and Fatmatah Manneh are the unmarried parents of a child, born in 2014. Approximately six months after the child's birth, Villalobos petitioned for custody, visitation, and child support. The parents temporarily stipulated to "shared physical placement of the child with each parent having [her] for 7 days at a time . . . and alternating weeks thereafter." The district court approved the stipulation. Following trial, the court granted the parents joint physical care, to be exercised as set forth in the stipulation. The court did not mention who would receive the tax dependency exemption. Villalobos appealed.

Villalobos contends the district court should have granted him physical care of the child instead of joint physical care. He cites his employment and housing stability and contrasts his lifestyle to what he characterizes as Manneh's "instability."

"[T]he joint physical care issue must be examined in each case on the unique facts," with consideration given to the statutory factors set forth in Iowa Code section 598.41(3) (2015). *See In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007). "The legal analysis employed in resolving a question concerning the custody of a child born [to unmarried parents] is the same as that which would . . . be[ ] utilized if the child's parents had been married . . . ." *Lambert v. Everist*, 418 N.W.2d 40, 42 (Iowa 1988).

Manneh was employed at the same facility that employed Villalobos. Although she moved several times in the years preceding trial, she was living in a five-bedroom, rented home at the time of trial. The home was spacious enough to accommodate five of her eight children, including the child of this relationship.

A sixth adult child did not live in the home and the two remaining children lived with their father.

In granting joint physical care, the district court emphasized the child's relationship with her siblings. We give weight to this finding, which is supported by Manneh's testimony that the siblings were close to the child and "love[d] her with all their heart."

Manneh raised the child on her own for the first several months of the child's life. When the child was two months old, Manneh granted Villalobos visits in her home. As noted, the parents later stipulated to a joint physical care arrangement. This arrangement lasted through the time of trial approximately nine months later.

The temporary arrangement was not conflict-free. Shortly after the stipulation was filed, Manneh changed her mind about the agreement, citing the child's young age. Villalobos applied to have Manneh held in contempt. The district court granted the application and ordered the child placed with Villalobos for thirty continuous days. Several months later, Villalobos filed a second contempt application alleging Manneh again denied him contact with the child. The parents resolved the application by agreeing to revert to the terms of the temporary stipulation. The court held the application in abeyance but ordered the parents to exchange the child at the police station.

Manneh's refusal to follow the order approving the temporary stipulation gave the district court pause and gives us pause. But, by the time of trial, she agreed the child was not too young to spend time with her father and further

agreed she would abide by the district court's final ruling. On our de novo review of the record, we are persuaded joint physical care was appropriate.

The parents agree that, if the joint physical care arrangement is affirmed, the income tax dependent exemption should be alternated between them. Manneh recommends she take the exemption in odd years and Villalobos take the exemption in even years. We approve this recommendation and modify the order to incorporate this resolution. *See* Iowa Ct. R. 9.6(5) ("In cases of joint (equally shared) or split physical care, the dependent exemption(s) for the mutual child(ren) of the parties shall be assigned according to the order or decree establishing the joint or split care arrangement.").

**AFFIRMED AS MODIFIED.**